849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George W. SKATZES, Petitioner-Appellant,
v.
T.L. MORRIS, Superintendent, Respondent-Appellee.
 No. 87-3941.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 George W. Skatzes appeals the decision of Judge John D. Holschuh of the United States District Court for the Southern District of Ohio denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254.
 
 
 2
 On April 18, 1983 Skatzes was tried for the aggravated murder of Arthur Smith. According to testimony given at trial by James R. Rogers, Skatzes' co-defendant, the two men abducted Smith as he left his job as manager of the Rink's store in Bellefontaine, Ohio. Rogers stated that they drove Smith out into the country in Smith's automobile and took from him two money bags containing $23,000 in cash and checks. He further stated that while he returned to Bellefontaine to switch Smith's car for his own, Skatzes remained behind and murdered Smith. Skatzes was convicted on April 29, 1983 and sentenced to life imprisonment.
 
 
 3
 Following the exhaustion of his state law remedies, Skatzes filed this petition for a writ of habeas corpus on April 24, 1987. The district court granted respondent's motion to dismiss on September 29, 1987, without holding an evidentiary hearing.
 
 
 4
 On appeal, Skatzes alleges that the district court should have granted his petition because: (1) he was denied his right to a speedy trial; (2) inadmissible evidence of similar criminal acts was used against him. He further claims that the district court should have held an evidentiary hearing on the questions of whether (1) he was the victim of prosecutorial misconduct; (2) he was entitled to a new trial based on newly discovered evidence; (3) he was denied due process of law and effective assistance of counsel because of the trial court's failure to provide his appellate counsel with a transcript of a pre-trial prosecutorial misconduct hearing; and (4) he was entitled to conduct discovery to support his claims.
 
 
 5
 For the reasons stated by United States District Judge John D. Holschuh in his opinion filed in the district court on September 29, 1987, the judgment of the district court is AFFIRMED.